## STATE OF LOUISIANA *v.* JAMES McDAVID.

The exception recognized as to the competency of the wife to testify against her husband, where she has sustained a personal injury, does not extend to cases of bigamy. In these the lawful wife is held to be incompetent, whilst the second wife's testimony is not liable to this objection.

APPEAL from the District Court of the Parish of Jefferson, *Burthe, J.*
*T. J. Semmes*, Attorney General, for plaintiff.   *W. T. Scott* and *A. N. Ogden, Jr.*, for defendant and appellant.

VOORHIES, J.   The defendant was found guilty of the crime of bigamy, and sentenced to fine and imprisonment.   He appeals from the judgment, and assigns as erroneous several rulings of the District Court.

We will, however, notice but one of his objections, as we consider it fatal to the judgment.

The indictment charges that *Catherine Kennedy* is the lawful wife of the prisoner ; and her evidence, notwithstanding the latter's objection, was held by the District Judge to be admissible.   The bill of exceptions states that : " although on general principles the wife cannot be heard as a witness, either for or against the husband, in cases where she has been injured by the husband, as in cases of assault and battery, bigamy, &c., she can be heard as a witness against him."

The exception recognized as to the competency of the wife to testify against her husband, where she has sustained a personal injury, does not extend to cases of bigamy.   In these the lawful wife is held to be incompetent, whilst the second wife's testimony is not obnoxious to this objection.   Roscoe's Evid., p. 139 : Greenleaf's Evid., sec. 339 et seq.

STATE
*v.*
McDavid

The propriety of the exclusion of the testimony of the lawful wife, on a trial of the husband for the crime of bigamy, may well be doubted. On this subject Allison says : " Having once, for just and necessary reasons, admitted an exception to the general rule, in the case of a wife who has sustained a personal injury from her husband, is there any principle on which it can be held not to include that case, where the injury to herself and her family is the greatest, from a desertion of them both by the head of the family? Nor is the reason of exclusion founded on the peace of families, here of the slightest weight, but rather the reverse ; for a husband, who has been guilty of bigamy, has proved himself dead to all sentiments of that description, and, having already deserted his first wife for another woman, he has given the clearest evidence that no further family dissentions need be apprehended from her appearing to give evidence against him." Prac. Cr. L., p. 463.

This, however, is not an open question,

It is, therefore, ordered and decreed, that the verdict of the jury and the judgment of the court, in this case, be set aside and annulled ; and it is further ordered, that this case be remanded for further proceedings according to law.

MERRICK, C. J., absent.